IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ZACHARY HILTON**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:17cv274 |
| | ) | **Electronic Filing** |
| **PORCH.COM** and **MATTHEW EHRLICHMAN**, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM ORDER**

AND NOW, this 21st day of March, 2018, upon due consideration of defendant's motion to dismiss and the parties' submissions in conjunction therewith, IT IS ORDERED that [14] the motion be, and the same hereby is, denied.

"To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" Victaulic Co. v. Tieman, 499 F.3d 227, 234 (3d Cir. 2007) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965, 167 L.Ed.2d 929 (2007)). This is not to be understood as imposing a probability standard at the pleading stage. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("'The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.'"); Phillips v. County of Allegheny, 515 F.3d 224, 235 (3d Cir. 2008) (same). Instead, "[t]he Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest the required element ... [and provides] enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.'" Phillips, 515 F.3d at 235; see also Wilkerson v. New Media Technology Charter School Inc., 522 F.3d 315, 321 (3d Cir. 2008)

("'The complaint must state 'enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.'") (quoting Phillips, 515 F.3d at 235) (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Twombly, 550 U.S. at 563.

In contrast, a defense to a stated claim will be recognized at the pleading stage only where the allegations of the complaint unequivocally establish the defense as a matter of law or an affirmative defense appears unanswered on the face of the complaint. Victaulic Co., 499 F.3d at 234-35; accord Penn Warranty Corp. v. Edwards, 2018 WL 994669, *6 (M.D. Pa., February 21, 2018). Defenses grounded in fact-based inquires properly are deferred beyond the pleading stage. Victaulic Co., 499 F.3d at 234-35; Penn Warranty, *supra* at *6-7; accord Khosla Ventures, LLC v. Rolls-Royce Canada Ltd., 2013 WL 4780431, *4 (D.N.J., Sept. 5, 2013) ("Here, the Court does not find that the facts as alleged in the Amended Complaint are sufficient to show that Khosla was adequately informed upon agreeing to the work and upon signing the STC so as to waive any claim of fraud . . . ."); Rivard v. Bello, 2013 WL 1285414, *3 (E.D. Pa. March 27, 2013) ("Because Plaintiffs' fraud claim puts the enforceability of the release at issue and because the resolution of this claim depends on facts which have not been established on this record, the Court cannot, at this stage of the proceedings, hold that the release is enforceable and bars all of Plaintiffs' claims.").

Here, defendant seeks to progress well beyond the factual averments in the complaint and venture into the parties' understandings regarding the meaning of the terms of the employment contract and the way it would be interpreted and carried-out. The complaint neither renders defendant's interpretations certain as a matter of law nor leaves them unanswered on its face. To the contrary, the averments of the complaint displace defendant's assertions. Consequently, such

inquiries must await summary judgment and/or trial and defendant's motion properly has been denied.

                                                  <u>s/David Stewart Cercone</u>
                                                  David Stewart Cercone
                                                  Senior United States District Judge

cc:      James W. Southworth, Esquire
         Michael Droke, Esquire
         Eric L. Schnabel, Esquire

         (*Via CM/ECF Electronic Mail*)